

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

IN THE MATTER OF THE COMPLAINT
OF MORAN TOWING CORPORATION
AS OWNER OF THE TUG BOAT CAPE
HATTERAS, FOR EXONERATION FROM
OR LIMITATION OF LIABILITY.

Civil Action No. 2:21cv___440

## COMPLAINT

COMES NOW Moran Towing Corporation ("Moran") as owner of the Tug CAPE

HATTERAS, Official Number: 507813, by and through undersigned counsel, and pursuant to the

provisions under 46 U.S.C. § 30501 et seq., as amended, Rule F of Supplemental Rules for

Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil

Procedure ("SAR F") and Local Admiralty Rule (F) files this Complaint for exoneration from or

limitation of liability, civil and maritime, for all claims arising out of a collision occurring on or

about February 2, 2021 upon navigable waters of the United States and alleges, on information

and belief as follows:

1.      Limitation Plaintiff, Moran Towing Corporation (Moran), is a corporation

chartered under the laws of the State of Connecticut, and is registered to and doing business within

the Commonwealth of Virginia.

2.      At all pertinent times to this complaint, Moran owned the Tug CAPE HATTERAS,

102 feet long, twin screw, steel towing vessel, built in 1967 and rated at 3,900 horsepower.

## FACTS

3.      Late in the evening on February 2, 2021, the Tug CAPE HATTERAS (the "Tug"),

was standing by on the green side of the channel of the Upper Brunswick Range near Buoys 57a

on the Cape Fear River in preparation to assist in docking the Ship.  The Tug captain had the Port

engine full ahead and the starboard engine full astern, performing a twisting maneuver in order to get the Tug lined up parallel to the on-coming Ship. As the Tug twisted, it either drifted astern and into the path of the MTM COLORADO (the "Ship"), or the Ship turned into the path of the Tug. In any event, the two vessels collided (the "Collision").

4.      The Tug's port engine propellor cone punched a small hole in the bulbous bow of the Ship, bending its support beams in the process. The force of the contact between the two vessels shoved the Tug's port shaft into the moving port main gears and engine, which caused extensive damage to the Tug's port drive train.

5.      The Tug completed the docking procedure using only its starboard engine, which was shut down as soon as it got to the dock.

JURISDICTION AND VENUE

6.      Plaintiff brings this action pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. 30501 et seq. and Supplemental Admiralty Rule F governing Limitation of Liability actions.

7.      This Court has admiralty and maritime subject matter jurisdiction pursuant to Fed. R. Civ. P. Rule 9(h), 28 U.S.C. §1333 and the U.S. Const. art. III §2.

8.      Venue is proper in this District because the Vessel has not been attached or arrested with respect to the Collision, neither has the Tug owner, Moran, been been sued with respect to the any claim arising from the Collision and the Tug is found within this District.

CLAIMANT(S)

9.      The only known Claimants to this action is the Ship's registered owner MTM COLORADO PTE LTD, and based upon information and belief, its ship manager, MT Maritime Management USA LLC, 2960 Post Road, Southport, Connecticut.

10. The events, acts and circumstances giving rise to this Complaint in Limitation and the Ship owner's potential claim occurred upon the navigable waters of the United States on February 2, 2021, while the Tug and the Ship were engaged in maritime activity.

EXONERATION FROM OR LIMITATION OF LIABILITY

11. At all times material hereto, Moran exercised due diligence to make and maintain the Tug in a condition such that it was seaworthy and fit for its normal and intended use.

12. This Complaint is timely in that it is filed within six (6) months from the February 2, 2021 date of the Collision and the date of a Note of Protest from the Ship's Master, which did not give any detail with respect to the extent of damages.

13. On March 15, 2021, the Ship detailed an estimate of its damages as approximately $900,000, and more recently, on July 12, 2021, alleged damages of $720,649.87, both of which are in excess of the value of the Tug plus it pending freight at the end of the docking procedure on the evening of February 2, 2021.

14. Although the engines and other equipment has been opened up for inspection the Tug has not been further damaged, lost or abandoned since the Collision and is presently within the district.

15. Pursuant to Supplemental Rule F (2) and 46 U.S.C. § 30501 et seq. Moran seeks exoneration from or limitation of liability for any injuries, damages, and losses of whatever description arising out of the aforesaid Collision and desires to contest the liability in the event claims are made.

16. The collision described herein was caused by an inevitable accident or otherwise was not caused or contributed by any fault, negligence or lack of due care on Moran's part.

17. Alternatively, the Collision occurred without the privity or knowledge of Moran.

18.     Plaintiff claims exoneration from or limitation of liability for any and all property damages and person injuries caused by the subject collision involving the Tug and the Ship and for any claims thereof.

19.     Any claims arising from the injuries, losses, or damages described above were done, occasioned and incurred entirely without any negligence or other fault on the part of Plaintiff or anyone for whom Plaintiff may be legally responsible, and Plaintiff is entitled to exoneration from any liability for the collision.

20.     In the event that the Court determines that some negligence or other legal fault of the operation of the Tug which contributed in any way to any alleged injury, loss or damage to other persons or vessels or other claims arising from the February 2, 2021, Collision, such negligence occurred without the privity or knowledge of Plaintiff within the meaning of 46 U.S.C §30501 et seq.

### Tug CAPE HATTERAS' Post Casualty Value

21.     Subject to an appraisal, Plaintiff's interest in the Tug post-casualty does not exceed the "as is" value of the CAPE HATTERAS. Due to the damage the Tug suffered in the Collision, its value is less than the cost of repairing it. Moreover, the cost to scrap this 50-year-old tug is more than the amount that may be had for the steel or its parts. As the attached valuation survey shows, the "as is" value of the Tug is approximately a negative $400,000 when you take into account the cost to remove the hazardous material and to transport the Tug to a place that can in fact scrap the boat.

22.     On the evening of February 2, 2021, Moran earned $5,885.23 for the docking of the MTM COLORADO and that amount should be considered the pending freight.

23.     Plaintiff alleges that the amount of damages associated with potential claims arising from the maritime incident may exceed the value of its interest in the Tug and pending freight at the end of the casualty voyage. Plaintiff submits herewith the amount of $7,946 in cash representing the value of the Tug post casualty (which is zero), plus $5,886 in pending freight and $1,060 (6% interest for three years) and $1,000 security for costs as required by LAR f (1).

24.     By reason of the foregoing, Plaintiff claims the benefit of the provisions of 46 USC 30501 et seq. and Supplemental Rule F in this proceeding.

WHEREFORE Plaintiff Moran Towing Corporation prays as follows:

A.     This court enter an Order directing the plaintiff to deposit with the court, for the benefit of claimants, a sum of Seven Thousand Nine Hundred Sixty Dollars ($7,946.00), or approved security thereof, representing the owner's interest in the Tug CAPE HATTERAS and pending freight plus 6.0% interest plus the sum of $1,000.00, for a cost bond in that amount, and directing the Clerk of Court to accept into the registry of the Court the Seven Thousand Nine Hundred Sixty Dollars in cash or approved security therefor; and in addition, such sums or approved security therefor as the court may from time to time fix as necessary to carry out the provisions of the statute as amended.

B.     that, upon plaintiff depositing with the court the sum or approved security identified in clause A, this court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which plaintiff seeks exoneration from or limitation of liability, admonishing them to file their respective claims and answer to this complaint with the Clerk of Court and to serve on the attorney for plaintiff a copy on or before the date specified in the notice, which date will not be less than 30 days from the date issuance of the notice;

C.     directing plaintiff to publish the notice required by Supplemental Rule F(4) in the newspaper or newspapers specified by rule of this Court for legal publication, once each week for four (4) consecutive weeks before the return date of the notice;

D.     That, upon plaintiff depositing with the court the sum or approved security identified in clause A above, the Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against plaintiff, its underwriters, or any of its property with respect to any claim for which plaintiff seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Collision described in the complaint;

E.     That if any claimant who shall have filed a claim shall also file an exception controverting the value of the Tug CAPE HATTERAS or her pending freight, as alleged and the amount of security, this Court shall cause due appraisement to be had of the value of the Tug following the casualty and of the value of plaintiff's interest and her pending freight and, in which event, this Court shall enter an order for the filing of an amended stipulation of the aggregate value, as so determined, of plaintiff's interest in the barge and her pending freight;

F.     That this Court adjudge that plaintiff and the Tug CAPE HATTERAS are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned or incurred as the result of the matters and happenings referred to in this complaint; or, in the alternative, if the Court should adjudge that plaintiff is liable in any amount whatsoever, that liability may be limited to the value of plaintiff's interest in the Tug CAPE HATTERAS and her pending freight and may be derived *pro rata* among such claimants; and that a judgment be entered discharging plaintiff and the Tug of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against plaintiff or its property in consequence of or connected with the matters and happenings referred to in this complaint; and

      G.     That plaintiff have such other and further relief as justice may require and this Court be competent to grant.

MORAN TOWING CORPORATION

By:   _Patrick M. Brogan_

Patrick M. Brogan (VSB No. 25568)
Ann B. Brogan (VSB No 25567)
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Telephone Number:  (757) 622-0100
Telefax Number:     (757) 622-4924
Email: pbrogan@daveybroganpc.com
        ann.brogan@daveybroganpc.com
Counsel for Moran Towing Corporation

A:\1868.001\LIMIT\COMPLAINT.PLE